FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 APR 27 AM 9:57
LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DAVID WARDEN** | **CIVIL ACTION NO.** 06-2302 |
| **vs.** | **SECTION:** SECT. M |
| **DANA MARINE SERVICE, INC.** | **MAGISTRATE** MAG 5 |

**COMPLAINT FOR DAMAGES**

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:

The complaint of David Warden, a person of majority age, with respect represents:

1.

Made defendant is Dana Marine Service, Inc. ("Dana Marine"), a corporation not qualified to do, but, in fact, doing business in this State and judicial district at all relevant times.

2.

On or about June 3, 2003, defendant Dana Marine, owned, operated and controlled a towing vessel in navigation called the M/V ATABOY and employed plaintiff David Warden as chief engineer and member of the crew of said vessel, for which he earned $7500 per month, plus found and fringe benefits.

3.

On or about June 3, 2003, while the M/V ATABOY was in port in Lake Charles,



Fee #350.00
✓ Process pltf Dsmns
X Dktd
CtRmDep
Doc. No.

Louisiana, plaintiff sustained severe, painful, disabling and permanent injuries to his left foot and left lower extremity as a result of the negligence of defendant, Dana Marine, and the unseaworthiness of the M/V ATABOY, under the following circumstances to wit:

4.

The M/V ATABOY was afloat at its normal berth in Lake Charles, awaiting its next voyage.

5.

Plaintiff had sailed on the tug on its previous voyage, lasting approximately one month, and noticed that the pump for the vessel's centrifuge, which linked the vessel's fuel tanks to her twin diesel engines and served as a filter for impurities, was not functioning as it should.

6.

Plaintiff reported this condition to his shorebased superiors in Mobile, Alabama.

7.

At the conclusion of the aforementioned voyage, plaintiff was instructed to remove the pump and take it to a dealer in Houston for inspection and repair.

8.

Upon examination, the Houston dealer told plaintiff that the pump had been "run dry", that is, without adequate lubrication in the months preceding plaintiff's employment. Plaintiff was told the cost of replacing the pump was more than the cost of replacing the entire centrifuge with the pump from a rebuilt model.

9.

Plaintiff passed the aforementioned information regarding the pump and the cost to repair

to remove the fittings from the centrifuge as he had done on other vessels in the past and for that reason was unable to get all of the diesel fuel out despite his best efforts. And the engine room's plywood floor did not contain a non-skid surface.

15.

In these circumstances, the shipowner was negligent in failing to furnish a safe place to work and/or the vessel was unseaworthy on account of the unsafe plywood deck, the defective pump, the confined engine room space, and/or improperly trained and/or unqualified chief engineer or engineers on previous voyages, who failed to properly care for the pump.

16.

By reason of the foregoing, plaintiff has suffered past and future physical and mental pain and suffering, permanent physical disability and deformity and loss of wages and wage earning capacity for which plaintiff seeks, and is entitled to recover, from defendant compensatory damages in the amount of $5,000,000.00 plus found and fringe benefits.

17.

Plaintiff brings this cause of action against the aforesaid defendant pursuant to the Jones Act, 46 U.S.C. §688, et seq. and the Court's pendent jurisdiction of the unseaworthiness claim.

**AND FOR A SECOND CAUSE OF ACTION**

18.

Plaintiff hereby realleges and reavers each and every allegation of fact and law contained in the previous paragraphs herein as if repled in their entirety.

19.

As a result of the severe injuries suffered by plaintiff in the service of the M/V ATABOY,

plaintiff sought and received medical treatment for his left foot and left lower extremity injuries from various physicians and plaintiff has not yet reached maximum medical improvement.

20.

By reason of the foregoing, plaintiff seeks, and is entitled to recover, from the defendant, maintenance at a rate of $35 per day, as well as prescribed cure from June 3, 2003, until he reaches maximum medical improvement according to his treating physician.

21.

Jurisdiction of this cause of action against defendant, Dana Marine, is based upon the Jones Act, 46 U.S.C. §688, et seq. and the Court's pendent jurisdiction of the maintenance and cure claim.

WHEREFORE, David Warden prays for a Judgment against defendant, Dana Marine Service, Inc., in his favor and for compensatory damages in the amount of $5,000,000.00 or such greater amounts as may be appropriate under the circumstances, plus maintenance and cure as described above, and costs, interest and attorneys' fees as allowed by applicable law, and any additional general and equitable relief to which this plaintiff may be entitled.

Respectfully submitted:

David A. Abramson (Bar No. 21435)
Lewis, Kullman, Sterbcow & Abramson
601 Poydras Street, Suite 2615
New Orleans, Louisiana 70130
(504) 588-1500
Attorney for Plaintiff

PLEASE SERVE:
Dana Marine Service, Inc.
Through its agent for service or process
via Certified Mail Return Receipt
Requested to:
Erik Dreijer
210 St. Louis Street
Mobile, AL 36602